UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND JUSTO KITILYA,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendant. | No. 2:18-cv-1023 MCE KJN P<br><br>ORDER |

Introduction

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific

facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff alleges that the Director of the California Department of Corrections violated the Fifth and Sixth Amendments by being "prejudiced to Proposition 57 and [California] Penal Code § 2933," violating the rights of all inmates with release dates who are serving over sixth months. (ECF No. 1 at 3.) Plaintiff claims he has been disciplinary free for sixth months. (Id.) Plaintiff appends a copy of his complaint filed in state court, in which he states he requested a reduction of six months in his sentence, as well as return of his credit forfeiture, which was additional time that changed his parole date from July 21, 2017, to the end of 2018. (ECF No. 1 at 7.) Plaintiff seeks money damages. (ECF No. 1 at 30.)

Proposition 57

California's Proposition 57, approved by voters in November 2016, makes parole available to certain felons that were convicted of nonviolent crimes. Proposition 57 added Article I, section 32 to the California Constitution. The section provides:

§ 32. Public Safety and Rehabilitation Act of 2016

> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law.
>
> (1) *Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.*
>
> (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement,

3

> consecutive sentence, or alternative sentence.
>
> (2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements.
>
> (b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const. art. I, § 32 (emphasis added). Essentially, Proposition 57 provides an inmate who has completed his base term with a hearing before the Board of Parole Hearings. (Cal. Const. Art I, Sec. 32(a)).

Discussion

Initially, to the extent plaintiff attempts to raise claims on behalf of all inmates, such effort fails. Plaintiff may only pursue claims personal to himself; in other words, he may only seek damages based on the violation of his own constitutional rights, not the rights of others.

Second, the complaint improperly names the Director as a defendant solely because of his supervisory role. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). Here, the complaint does not show how the Director, through his own individual actions, violated plaintiff's rights. Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.

////

Third, to the extent plaintiff claims he was not provided with a parole suitability hearing in accordance with Proposition 57, "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011). Although California's parole scheme gives rise to a federal constitutional liberty interest, that right requires only that an inmate be provided with a meaningful opportunity to be heard and notice of the reasons for a decision before he is denied parole. Id. at 862-63. Because it does not appear that plaintiff has been denied parole, he is not due the procedural protections discussed in Swarthout.

Fourth, to the extent plaintiff is alleging a claim under Proposition 57, plaintiff fails to explain how any alleged actions or omissions impacted a parole determination.[1] Plaintiff is advised that violations or misinterpretations of state law, including his challenge under California Penal Code § 2933, are not cognizable under 42 U.S.C. § 1983. Section 1983 only provides a remedy for violation of the Constitution or law or treaties of the United States. Swarthout, 562 U.S. at 222 (the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts). State courts "are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975).

For all of these reasons, the complaint must be dismissed. Plaintiff is granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere

---

[1] Proposition 57 does not provide for existing prisoners to be resentenced and the state court cases, which are all unpublished, addressing application of Proposition 57 have "uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing, and does not entitle [petitioner] to seek relief in court in the first instance." Daniels v. California Dep't of Corr. & Rehab., 2018 WL 489155, at *4 (E.D. Cal. Jan. 19, 2018) (collecting cases). It does not require or provide a mechanism for state prisoners to be resentenced by the courts in which they were convicted.

5

to the following requirements:

Plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 9, 2018

/kiti1023.14n

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RAYMOND JUSTO KITILYA, | No. 2:18-cv-1023 MCE KJN P |
|---|---|
| Plaintiff, | |
| v. | <u>NOTICE OF AMENDMENT</u> |
| DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____      Amended Complaint

DATED:

    _____

    Plaintiff